IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHELLE M. BUERGER, #53697 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20cv716 |
| | § | |
| SHERIFF DALE J. SCHMIDT | § | |

**ORDER OF DISMISSAL**

This case was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation on December 28, 2020. (Dkt. # 25). The Magistrate Judge concluded that Petitioner's case should be dismissed for failure to prosecute. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration.

Petitioner was extradited from Wisconsin to the Lamar County jail in Paris, Texas. (Dkt. # 11).[1] However, on November 4, 2020, Petitioner filed a notice of change of address, requesting that this Court "address and mail any and all future correspondence from this court to my permanent mailing address of 710 S. Walter Street, Apt. # 8, Lomira, Wisconsin 53048." (Dkt. # 20). Additionally, a review of Lamar County jail records reflects that Petitioner was sentenced to two hundred and seventeen days on October 15, 2020, and is currently out of custody.

On November 5, 2020, this Court denied Petitioner's motion to proceed *in forma pauperis* and entered an Order giving her thirty days to pay the requisite filing fee of $5.00. (Dkt. # 21).

---

[1] The exact date Petitioner was transferred to the Lamar County jail in unclear. On August 7, 2020, Petitioner filed a document with this Court in which she gave Lamar County jail as her temporary address. (Dkt. # 10).

Petitioner was placed on notice that the lawsuit may be dismissed if she failed to timely comply with the Order. On the same date, the Court also granted Petitioner's motion to amend her petition (Dkt. # 18) so that she could name the proper Respondent. Petitioner was given thirty days to amend her petition. (Dkt. # 22). The Court also denied Petitioner's two motions seeking appointment of counsel on the same date. (Dkt. # 18, # 19, # 23). The docket for this case reflects that copies of all three Orders (Dkt. # 21, # 22, # 23) were mailed to Petitioner via certified mail on November 5, 2020. On December 1, 2020, an acknowledgment of receipt of service was filed in this action, noting that a M. M. Buerger signed as receiving the three Orders on November 24, 2020. (Dkt. # 24).

On December 28, 2020, the Court issued a Report and Recommendation. The Court recommended that the petition be dismissed without prejudice for failure to prosecute because Petitioner had failed to pay the filing fee, and had failed to amend her petition. On January 5, 2021, Petitioner paid the filing fee. However, as of this date, Petitioner has failed to comply with the order to amend her petition.

On January 15, 2021, the docket reflects that the Report and Recommendation mailed to Petitioner was returned as undeliverable, marked "return to sender - unclaimed - unable to forward." (Dkt. # 26). As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). Petitioner has failed to provide an updated address. For this additional reason, Petitioner has failed to prosecute this action. *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to

prosecute").

No objections having been timely filed, the Court concludes the findings and conclusions of the Magistrate Judge related to Petitioner's failure to file an amended complaint are correct, and adopts the same as the finding and conclusion of the Court.

Accordingly, it is **ORDERED** the petition for writ of habeas corpus (Dkt. # 1) is **DISMISSED** without prejudice.  It is further **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 10th day of February, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE